UNITED STATES DISTRICT COURTFOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| JOHN TUCKER, et al., on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WALGREEN COMPANY,<br><br>Defendant. | Case No.: 05-cv-440-GPM |

### PLAINTIFFS' MOTION FOR LEAVE OF COURT TO FILE SECOND AMENDED COMPLAINT

Plaintiffs, by and through their counsel of record, and pursuant to Federal Rules of Civil Procedure 7 and 15(a) and Local Rules 7.1 and 15.1 hereby move this Court to grant them leave to file a Second Amended Complaint, attached as Exhibit.

Plaintiffs provide the following suggestions in support of this Motion:

1.  Under Federal Rule of Civil Procedure 15(a), leave to amend is generally given unless factors such as undue prejudice, undue delay or bad faith are present. Amendola v. Bayer, 907 F.2d 760, 764 (7th Cir. 1990) (citing Foman v. Davis, 371 U.S. 178 (1962)). On a motion to amend, "the threshold showing as to sufficiency of the …[amendment] is not high." Kessel v. Cook County, 2001 WL 826914 *2 (N.D. Ill. July 12, 2001), citing EEOC v. Warshawsky & Co., 1993 WL 303097, at * 13 (N.D. Ill. April 15, 1993). The determination of whether to grant an amendment is within the sound

discretion of the district court. Kessel, 2001 WL 826914 *2, citing Campbell v. Ingersoll Milling Mach. Co., 893 F.2d 925, 927 (7th Cir. 1990).

2. The purpose and content of Plaintiffs' Second Amended Complaint ("SAC") are to make the following substantive changes:

   a. Add individual and class disparate impact and disparate treatment claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000e, et seq., as amended ("Title VII"). See SAC ¶¶ 1, 24, 26-28, 34, and 144-152.

   b. Substitute new Plaintiff and Class Representative Kimberly Wafford for former Plaintiff Malica Page. Ms. Wafford makes individual claims and represents the putative class claims for discriminatory rejection of African-American external and internal candidates for the Management Trainee ("MGT") position. See SAC ¶¶ 21, 36, 42, 123-135.

   c. Substitute the term "African-American and/or low income store" for the term ""African-American/low income store" used in the original and First Amended Complaint. See e.g., SAC ¶ 1 and passim.

   d. Correct the name of the Defendant "Walgreen Co." See SAC ¶ 1.

3. Procedural History

   a. Plaintiffs filed their original Complaint June 20, 2005. (Doc. 1).

   b. Plaintiffs filed their First Amended Complaint August 1, 2005. (Doc. 11).

   c. Defendant filed its Answer to Plaintiff's Amended Complaint on September 2, 2005. (Doc. 36).

   d. Before filing this Motion for Leave, Plaintiffs requested that Defendant Walgreen Co. ("Walgreens") consent to the filing of the SAC. See Letter dated March 16, 2006 from T. Demchak to J. Ybarra, attached as Exhibit 2. Walgreens declined. See Letter dated March 24, 2006 from J. Ybarra to T. Demchak, attached as Exhibit 3. Walgreens objects to two of the bases on which Plaintiffs seek to amend the complaint: the addition of disparate impact claims under Title VII and the addition of Ms. Wafford as a class representative for external rejected applicants for the MGT position. See Exhibit 3.

  4. Addition of Title VII Claims

   a. Twelve of the 14 named Plaintiffs filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). These charges were filed before Plaintiffs filed their original Complaint in this action and have been pending since then. The charges allege both individual and class claims of discrimination based on race against Walgreens. The EEOC has investigated these charges and has issued determinations that:

> The evidence obtained during the investigation establishes that [Walgreens] has engaged in a practice of assigning Black employees to positions based on their race and denying or delaying promotions to Black employees based on their race. In addition, [Walgreens] practice of assigning Black employees to positions based on their race results in lower compensation for those employees, as well as delayed or denied promotions.

See e.g. Determination in the Matter of John Tucker v. Walgreen Co., Charge Number 281-2005-00406, attached as Exhibit 4. Those Plaintiffs with EEOC charges that have been pending for more than 180 days have requested that the EEOC issue right-to-sue notices to them.[1] Plaintiffs Avery Anderson, Leon Bradley, Chris Dargin, Oscar Green,

---

[1] 42 U.S.C. 2000e-5(f) states that "[i]f a charge filed with the Commission … is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge …, the Commission has not filed a civil action under this section or the Commission has not entered into

3

received right-to-sue notices; the remaining plaintiffs are awaiting receipt of their notices from the EEOC.

      b.      The addition of Title VII jurisdiction will allow Plaintiffs to analyze the statistical evidence obtained in discovery to support class certification and liability under the disparate impact analysis as well as the disparate treatment analysis available under 42 U.S.C. § 1981 and Title VII.

      c.      Walgreens objects to Plaintiffs' addition of a Title VII disparate impact claim. Walgreens contends that the "claim is far beyond the scope of Plaintiffs' EEOC Charges, in which they allege only disparate treatment." Exhibit 3. Walgreens' position is not supported by the plain language of Plaintiffs' EEOC Charges or relevant case law. A plaintiff is not required to plead specific elements of a legal theory in his EEOC charge. See Rush v. McDonald's Corp., 966 F.2d 1104, 1111 (7th Cir. 1992). In determining whether an allegation in a complaint falls within the scope of an EEOC charge, "[t]he court looks at whether they are like or reasonably related to those contained in the EEOC [charge]. If they are, the court then asks whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it." Cheek v. Peabody Coal Co., 97 F.3d 200, 202 (7th Cir. 1996). Allegations fall within the scope of the EEOC complaint if (1) they are "like or reasonably related to" those contained in the EEOC complaint, and (2) the current claim reasonably could have developed from the EEOC's investigation of the charges before it. Cheek, 97 F.3d at 202.

      d.      Plaintiffs' EEOC charges allege that Walgreens' practice of aligning store assignments of African American retail and pharmacy management employees with the racial composition of the neighborhoods in which the stores are located have adverse consequences on the bonuses and promotional opportunities of

4

African American retail and pharmacy management employees. See e.g., Charge of Discrimination of John Tucker, attached as Exhibit 5:

> I have worked for the company for eighteen years at stores with predominantly lower income and/or minority customers. The work environment at these stores is more difficult and stressful because of the high customer volume and safety issues, among other things. Being confined to these stores also directly affects my bonuses, as well as the bonuses of other management employees. Because bonuses are based on store profitability, even if the sales numbers were comparable to stores in more affluent areas, the necessary additional expenses at the lower income, high crime and/or minority customer based stores reduce the store's profitability. For example, the lower income, high crime and/or minority customer based stores to which I have been assigned often require extra security and/or have higher incidents of shoplifting. These expenses are paid out of store profits. Therefore, higher security and shoplifting expenses results in a lower management bonus at the affected store.

    e.    Additionally, a number of the charges allege that the Charging Party was repeatedly passed over for promotions despite being qualified for the position. For example, Plaintiff Leon Bradley alleged that he had "all the necessary qualifications to be promoted to Store Manager, yet [was] consistently passed over." See Charge of Discrimination of Leon Bradley, attached as Exhibit 6; see also Charge of Discrimination of Chris Dargin, attached as Exhibit 7 ("During my employment, I repeatedly applied for promotions to Pharmacy Supervisor. Despite being qualified for the position, I was rejected each time in favor of less qualified individuals").

    f.    These allegations are "like and reasonably related to" Plaintiffs' allegations in the SAC that Walgreens' employment practices have an adverse impact on African-Americans. Moreover, this claim reasonably could have developed from the EEOC's investigation of the charges. In determining whether African-Americans are adversely affected by Walgreens' assignment and promotional practices, the EEOC first would determine whether there are statistical disparities between African-American and

white employees in promotions and store assignments.[2] If such disparities are found, the EEOC would investigate Walgreens' assignment and promotional practices and decisions to determine if they are motivated by intentional racial bias or are race-neutral, yet lack objective criteria or guidelines for making assignment and promotional decisions and thus allow Walgreens' managers discretion to make such decisions using their own subjective criteria. While subjective decision making practices do not, by themselves, necessarily raise an inference of discrimination, the Supreme Court has found that where evidence of such discretionary and subjective decision making is supplemented by evidence that subconscious stereotypes and prejudice operate in a vacuum created by the absence of objective, validated criteria, causation can be found. Watson v. Fort Worth Bank & Trust Co., 487 U.S. 977, 990 (1985); Stender v. Lucky Stores, Inc., 803 F. Supp. 258, 321 (N.D. Cal. 1992); Butler v. Home Depot, Inc., 984 F. Supp. 1257, 1264 (N.D. Cal. 1997).

  g. Accordingly, the Court should allow Plaintiffs to amend the complaint to allege a disparate impact claim under Title VII.

  5. <u>Substitution of a Representative Plaintiff</u>

  a. Since the filing of the original Complaint, Plaintiffs have alleged a pattern and practice of discrimination against of African-Americans in selection for the entry level retail management position – Management Trainee (MGT). See e.g., First Amended Complaint ("FAC") at ¶¶ 24(a), 26, 34.

  b. In the original and First Amended Complaints, Plaintiffs alleged that Malica Page's claims were reflective of systemic discrimination in the selection of

---

[2] Alternatively or additionally, the EEOC would analyze the compensation of African-American and white Walgreens' employees in the positions identified in the charges to determine if there are statistical disparities in the earnings of whites and African-Americans and if it found such disparities, further investigate to determine whether Walgreens' promotion and/or store assignment practices explained the disparities.

Assistant Store Managers/MGTs." Id. at ¶ 38. Ms. Page is an incumbent Walgreens' employee who applied and was rejected for an MGT position. Id. at ¶¶ 107-113.

   c. In his November 22, 2005 Order, Magistrate Judge Proud limited the scope of discovery to incumbent employees and denied discovery on the racial composition of external applicants for the MGT position. See Doc. 40 at 4. Judge Proud observed that "the named plaintiffs were all hired by Walgreens making them members of the incumbent applicant pool for the various management paths, and making them antithetical to those who were not hired." Id.

   d. Newly added Plaintiff Kimberly Wafford is an African-American current Walgreens' employee. Prior to her employment with Walgreens, Ms. Wafford applied and was rejected for an MGT position. Instead, Walgreens hired Ms. Wafford in a lower level, non-management position. Ms. Wafford alleges that Walgreens rejected her for the MGT position on account of her race. See SAC at ¶ 124. Following her initial hire, Ms. Wafford applied for and again was not selected for an MGT position. She alleges that this was again on account of her race. See SAC at ¶¶ 129-134. Thus, Ms. Wafford has been both an external and internal rejected applicant for the MGT position.

   e. The addition of Ms. Wafford as a Plaintiff does not add any claims to this case that were not already pled in the original and first amended complaints. The addition of Ms. Wafford as a Plaintiff addresses the concerns raised in the November 22, 2005 Order regarding whether any of the named Plaintiffs have claims that are typical of those of African-American external rejected applicants for the MGT position. As an external rejected applicant for the MGT position, Ms. Wafford has claims that are typical of other African-American external rejected applicants. Ms. Wafford also substitutes for

Malica Page as a representative of African-American internal rejected applicants for the MGT position.

  f. Walgreens poses two objections to the addition of Ms. Wafford as a Plaintiff. It contends that the amendment is untimely and that the facts alleged are insufficient to support a "claim of systemic discrimination against African-Americans who seek to be hired or promoted to MGT." Exhibit 3.

  g. Walgreens' timeliness objection is without merit. It claims that Plaintiffs should have added a rejected external applicant "immediately after the Court's November 2005 Order – not weeks before the due date of their expert report on class certification." Exhibit 3. However, Walgreens' objection has been mooted by the Parties' Joint Motion for Extension of Time, which states:

> The parties agree that any additional discovery warranted by th[e Second] amended complaint, should this Court grant Plaintiffs' motion, would focus on issues pertinent to mediation and could occur while settlement discussions are ongoing, and they are willing to address those issues when and if they become ripe.

See Joint Motion for Extension of Time, Doc. 66, filed March 27, 2006.

  h. Walgreens' second objection, i.e. sufficiency of the pleading to sustain the claim, goes to the merits of the claim, and not whether the amendment is appropriate or should be allowed. Moreover, Walgreens' argument is circular. It admits that it opposed discovery related to external applicants for the MGT position and acknowledges that the Court denied discovery of such information on the ground that Plaintiff Page was not an external applicant. See Exhibit 3. Therefore, Plaintiffs have not had the opportunity to conduct discovery that would assist them in gathering facts to support the "external applicant" prong of their discriminatory selection for the MGT position claim.

      i.      Accordingly, the Court should grant Plaintiffs leave to amend to substitute Ms. Wafford for Ms. Page.

6.    <u>Conclusion</u>

For all of the reasons discussed above and in the interests of justice, Plaintiffs respectfully move that the Court grant them leave to file the Second Amended Complaint.

                Respectfully submitted,

                FOLAND, WICKENS, EISFELDER,
                ROPER & HOFER, P.C.

                /s/ Tiffany B. Klosener
                **Tiffany B. Klosener**   (*Pro Hac Vice*)
                **Amy L. Coopman**   (*Pro Hac Vice*)
                **W. James Foland**   (*Pro Hac Vice*)
                **Wendee Elliott-Clement**(*Pro Hac Vice*)
                **T.K. Smith**   (*Pro Hac Vice*)
                911 Main Street, 30th Floor
                Kansas City, Missouri 64105
                (816) 472-7474 (*telephone*)
                <u>tklosener@fwpclaw.com</u>
                <u>acoopman@fwpclaw.com</u>
                <u>jfoland@fwpclaw.com</u>
                <u>welliot@fwpclaw.com</u>
                <u>tksmith@fwpclaw.com</u>

                and

                **Kent Spriggs** (*Pro Hac Vice*)
                SPRIGGS LAW FIRM
                324 West College Avenue
                Tallahassee, Florida 32301
                (850) 224-8700 (*telephone*)
                (850) 224-8836 (*facsimile*)
                <u>kspriggs@spriggslawfirm.com</u>

                and

                **Teresa Demchak**   (*Pro Hac Vice*)
                **Morris J. Baller**   (*Pro Hac Vice*)
                **Joseph E. Jaramillo** (*Pro Hac Vice*)

                        GOLDSTEIN, DEMCHAK, BALLER,
                        BORGEN & DARDARIAN
                        300 Lakeside Drive, Suite 1000
                        Oakland, CA  94612-3534
                        (510) 763-9800 (*telephone*)
                        (510) 835-1416 (*facsimile*)
                        *dem@gdblegal.com*
                        *mjb@gdblegal.com*
                        *jej@gdblegal.com*

                        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the _____ day of April, 2006, the above and foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system, who will send notification of such filing to the following CM/ECF participants:

**John A. Ybarra**
**Keith C. Hult**
**Paul E. Bateman**
**Shanti V. Gaur**
Littler Mendelson – Chicago, IL
200 North LaSalle Street, Suite 2900
Chicago, IL 60601
(312) 372-5520 (*telephone*)
(312) 372-7880 (*facsimile*)
jybarra@littler.com
khult@littler.com
pbateman@littler.com
sgaur@littler.com

**Alan G. King**
Littler, Mendelson – TX
2001 Ross Avenue
Suite 2600, LockBox 116
Dallas, TX 75201-2931
(214) 880-8100 (*telephone*)
aking@littler.com

**Curtis R. Picou**
**Thomas R. Peters**
Gundlach, Lee
5000 W. Main Street
P.O. Box 23560
Belleville, IL 62223-0560
(618) 277-9000 (*telephone*)
(618) 277-4594 (*facsimile*)
c.picou@gundlachlee.com
t.peters@gundlachlee.com

/s/ Tiffany B. Klosener
**Attorney for Plaintiffs**