# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**EAST ST. LOUIS DIVISION**

| | |
|---|---|
| JOHN TUCKER, ANGELA MILLER, JOVAN HANEY, LEON BRADLEY, ARIEN JACKSON, WILLIAM STRICKLAND, OSCAR GREEN, MIKE JACKSON, KEVIN RIDDLE, AVERY ANDERSON, KIMBERLY WAFFORD, TRACI DANSBERRY, CARLOS ZIMMERMAN and CHRIS DARGIN, on behalf of themselves and other similarly situated,<br><br>and EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and PEARLE PHILLIPS,<br><br>          Plaintiffs,<br><br>vs.<br><br>WALGREEN COMPANY,<br><br>          Defendant. | CASE NO:  05-CV-440-GPM<br>(consolidated with<br>07-CV-172-MJR-CJP)<br><br>Chief Judge G. Patrick Murphy<br>Magistrate Clifford J. Proud |

**TO:    ALL AFRICAN AMERICANS WHO ARE OR WERE EMPLOYED BY WALGREENS IN CERTAIN RETAIL STORE MANAGEMENT AND PHARMACY POSITIONS BETWEEN JUNE 20, 2001, AND _____, 2007 (THE PRELIMINARY APPROVAL DATE).**

**NOTICE OF CLASS ACTION AND PROPOSED SETTLEMENT**

**THIS NOTICE IS IMPORTANT – PLEASE READ IT CAREFULLY**

**I.      Purpose of this Notice**

        This Notice is being sent to you, as directed by the Court, to advise you of the

preliminary approval of the proposed settlement of an employment discrimination class action

against Walgreens.  You have received this Notice because Walgreens' records reflect that you

1

are African American, are or were employed by Walgreens in a Management Trainee, Executive Assistant Manager, Store Manager, Pharmacist or Pharmacy Manager position at some time between June 20, 2001, and _____, 2007 (the Preliminary Approval Date), and therefore, may be a Class Member in the above-captioned civil class action now pending in the United States District Court for the Southern District of Illinois.  The purpose of this Notice is to provide you with a summary of the proposed settlement and Consent Decree, to advise you of the approximate amount of a monetary award you may be entitled to under the proposed settlement, and to advise you of your rights with respect to the proposed settlement.

II.    **Summary of the Litigation.**

The proposed settlement resolves two consolidated cases, <u>Tucker, et al. v. Walgreen Co.</u> and <u>EEOC v. Walgreen Co.</u>, now pending before the Court.  The lawsuits were brought by African American current and former employees of Walgreens ("private plaintiffs") and the U.S. Equal Employment Opportunity Commission ("EEOC"), who claimed that Walgreens discriminated against African American retail and pharmacy management employees on the basis of race in promotions, compensation and store assignments.  Walgreens denies that it has engaged in any policy or practice of unlawful discrimination.

III.    **Class Membership.**

If you are African American and are or were employed by Walgreens in a Management Trainee, Executive Assistant Manager, Store Manager, Pharmacist or Pharmacy Manager position (together referred to in this Notice as "Covered Positions") for any length of time between June 20, 2001, and _____, 2007 (the Preliminary Approval Date) (start and end dates inclusive) (this period is referred to in this Notice as "the Class Period"), you are a member of the Class that the Court has provisionally certified for purposes of this proposed settlement.

IV.    **Litigation Background**

On June 20, 2005, fourteen (14) African American current and former employees of Walgreen Co. ("Walgreens") filed a class action lawsuit in federal court in East St. Louis, Illinois, alleging that Walgreens discriminated against African American employees in violation

2

of 42 U.S.C. § 1981, as amended.  The lawsuit was subsequently amended to include violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et seq.

On March 7, 2007, the EEOC filed a lawsuit in federal court in the Southern District of Illinois making similar allegations of discrimination.  On April 23, 2007, the Court entered an Order permitting Pearle Phillips ("Plaintiff-Intervenor") to intervene in the EEOC's action.  The class action litigation and the EEOC lawsuit were consolidated on April 23, 2007.

Walgreens denies all of the allegations made by the private plaintiffs and the EEOC or that it has discriminated on the basis of race with respect to store assignments, promotions or compensation.

Since the inception of this litigation, the parties have exchanged hundreds of thousands of pages of documents and information related to Walgreens' employment policies and practices.  The parties also took the depositions of dozens of witnesses, including the private plaintiffs and numerous Walgreens management-level employees.  In addition, the parties retained expert witnesses to review and analyze statistical information related to the private plaintiffs' and EEOC's claims.

After this exhaustive discovery process, the parties began mediation .  The parties met on numerous occasions between June 2006 and May 2007.  Mediation enabled the parties to better understand each other's positions and, ultimately, to reach an agreement to settle and resolve the class action and related lawsuit filed by the EEOC.

All parties believe that the Consent Decree is fair, reasonable, and adequate to resolve these consolidated cases in their entirety, and that the proposed settlement is in the best interests of the private plaintiffs, the Class for which the private plaintiffs and the EEOC seek relief, and Walgreens.  In reaching this conclusion, all counsel and their respective clients have considered, among other things, the expense, inconvenience, delay, and other demands of continuing burdensome and protracted litigation, the risks inherent therein, and the benefits provided by the terms of the Consent Decree.

The Court has preliminarily approved the Consent Decree as fair, adequate and reasonable, and will conduct further proceedings to permit class members to be heard and to consider whether to give the settlement final approval, as described in Sections VIII. and IX. below.

**V.**    **Description of the Settlement**

      A.    Injunctive Relief – Summary of Employment Practices Affected by the Proposed Settlement with Walgreens

Walgreens has agreed to a five (5) year Consent Decree, pursuant to which it will implement a number of steps that affect the way it assigns and promotes its employees in Covered Positions.  The overall objective of the Decree, which is a type of Court Order, is to continue to ensure equal employment opportunities for African Americans who work in Covered Positions in Walgreens' stores.  In order to do so, Walgreens has agreed to undertake many steps, including the following:

      1.    General Prohibition Against Discrimination.  Walgreens will not discriminate against African American employees in Covered Position on the basis of race in promotions, store assignments, or compensation.  Additionally, Walgreens will not retaliate against any person because he or she opposed discrimination on the basis of race, filed a charge of discrimination on the basis of race, or asserted any rights under the Consent Decree.

      2.    Retention of Consultants.  Walgreens will retain professional consultants to review its (a) selection criteria and minimum qualifications for promotions of employees in the Covered Positions, (b) criteria and procedures for selection of employees in Covered Positions for training and other career advancement programs, (c) performance review processes for employees in Covered Positions and District Managers and Pharmacy Supervisors, and (d) internal complaint investigation procedures, and to make written recommendations regarding the modification of these procedures, to meet recognized best practices.

      3.    Promotional Benchmarks.  Walgreens will establish and use its best efforts to meet promotional benchmarks for the selection of African Americans for the Executive

4

Assistant Manager, Store Manager, Pharmacist, Pharmacy Manager, District Manager and Pharmacy Supervisor Positions.  If these benchmarks are not met, Walgreens will investigate and take corrective action, if appropriate.

        4.    <u>Monitoring of Store Assignments</u>.  Walgreens will not make store assignments of personnel in Covered Positions on the basis of race.  Walgreens will analyze the store assignments of African Americans and whites in these positions to determine if African Americans are disproportionately assigned to certain stores and will take corrective action, if appropriate.

        5.    <u>Compensation Review</u>.  Walgreens will analyze the compensation and bonuses paid to Executive Assistant Managers, Store Managers, Pharmacists and Pharmacy Managers to determine if compensation disparities exist between African Americans and whites in those positions.  If disparities are found to exist, Walgreens will analyze the cause of such disparities and take corrective action, if appropriate.

        6.    <u>Non-Discrimination Training</u>.  Walgreens will provide non-discrimination training to retail and pharmacy management personnel as well as store operations executive personnel at least three (3) times during the five (5) years of the Consent Decree.

        7.    <u>Employee Complaint Procedures</u>.  Walgreens' internal complaint procedures will provide for prompt, full and confidential investigation of complaints of race discrimination.

        8.    <u>Manager Accountability</u>.  Walgreens will include as measures of its District Managers' and Pharmacy Supervisors' performance an assessment of their compliance with Walgreens' equal employment opportunity policies and their attainment and management of diversity in the workplace.

        9.    <u>Monitoring and Enforcement</u>.  Walgreens will designate an internal Decree Monitor to monitor and ensure compliance with all terms of the Consent Decree.  The Decree Monitor also will review reports of complaints of discrimination by Walgreens' employees in Covered Positions, and will also receive and review other reports designed to

insure that Walgreens is meeting its obligations under the Consent Decree.  Throughout the five (5) year term of the Consent Decree, Walgreens will provide regular progress reports to, and meet with, Monitoring Counsel (one of the law firms representing the private plaintiffs and the EEOC).  These reports will describe, and the meetings will cover, Walgreens' progress in implementing the Decree, and include information about complaints of discrimination by, and promotions, store assignments and compensation of, African American employees in Covered Positions.  If Monitoring Counsel believe that Walgreens is not complying with its obligations under the Decree, Monitoring Counsel may bring the matter to the attention of the Court or a Court-appointed Special Master.  The Special Master (an experienced lawyer who previously served as the parties' Mediator) will be authorized to resolve any disputes under the Consent Decree.

       B.     <u>Monetary Relief.</u>

           1.     <u>Class Settlement Fund.</u>

In addition to the steps described above, Walgreens has agreed to pay $18,364,500, plus interest, to qualified Class Members, less amounts that would have been paid to any Class Member who "opts out" of the monetary settlement.  From this $18,364,500, the private plaintiffs, Plaintiff-Intervenor, thirteen (13) Class Members who filed timely EEOC charges and three (3) Class Members who are individually represented by Class Counsel will share a total of $453,000, to compensate them for (a) their assistance to the EEOC and/or Class Counsel and their expenditure of time and effort related to this class action litigation; and in the case of the private plaintiffs and Plaintiff-Intervenor, (b) their waiver of individual claims that were asserted or could be asserted in their EEOC Charges and/or this action outside the scope of the class claims addressed in the Consent Decree; and (c) their assumption of the risks and potential liability related to being a plaintiff, including the potential liability for Walgreens' taxable legal costs had Walgreens litigated the action to a favorable judgment.  Costs of providing notice to the Class and administering the monetary award distribution, up to the first $125,000, initially will be advanced by Walgreens and then will be re-paid to Walgreens from checks to Class

Members that are not cashed or are returned as undeliverable, if any.  Any additional costs for the class notice and monetary award distribution will be paid from the Class Monetary Fund. The remainder of the $18,364,500 plus interest ("the Net Settlement Amount") will be used to pay eligible Class Members, who do not opt out, based on the amount of time they held Covered Positions and/or worked in Listed Stores during the relevant Class Period, which is between June 20, 2001 and _____, 2007 (the Preliminary Approval Date), according to the allocation procedures described below.  These allocations were made based on estimates by Class Counsel and the EEOC of the relative amounts of lost earnings and damages incurred by Class Members in each Covered Position and/or each of the Listed Stores during the Class Period as a result of the allegedly discriminatory practices described in the Plaintiffs' Second Amended Complaint and the EEOC's Complaint.

The Class Settlement Fund will be distributed according to the following allocation:

a.    23.31%% of the Net Settlement Amount will be allocated to Class Members who at any time during the Class Period held the position of Store Manager.

b.    13.77% of the Net Settlement Amount will be allocated to Class Members who at any time during the Class Period held the position of Executive Assistant Manager.

c.    14.04 % of the Net Settlement Amount will be allocated to Class Members who at any time during the Class Period held the position of Management Trainee for a minimum of two hundred seventy (270) days.

d.    17.31 % of the Net Settlement Amount will be allocated to Class Members who at any time during the Class Period held the position of Pharmacist.

e.    11.04 % of the Net Settlement Amount will be allocated to Class Members who at any time during the Class Period held the position of Pharmacy Manager.

f.    20.53% of the Net Settlement Amount will be allocated to Class Members who at any time during the Class Period worked in any of the Listed Stores based on and in proportion to the number of days they worked in such stores. A copy of the Listed Stores

and the number of days worked in such stores that qualify Class Members for a proportionate share of this amount may be viewed on the internet at www.walgreensracecase.com.

2.    Estimated Settlement Amount Form.

Included with this Notice is a Calculation of Estimated Settlement Share Form advising you of the information that was used to calculate your estimated payment from the Net Settlement Amount and your individual Estimated Settlement Share Amount, both of which are included on an Estimated Settlement Amount Form that is also included with this Notice.  As noted on the Estimated Settlement Amount Form you are not required to respond or take any action or to return the Settlement Award Form in order to receive your Estimated Settlement Amount.  However, should you wish to challenge your Estimated Settlement Amounts in order to correct errors in information used to calculate your estimated pro rata share of the Net Settlement Amount, you must follow the instructions provided on the Net Settlement Amount Form.  Each Class Member will have the right to present a Challenge to the dates of employment in Covered Positions and/or Listed Stores or other information used in the computation of that individual's award.  However, Class Members shall not have the right to raise any other claims or contentions in Challenges.

C.    Attorneys' Fees and Reimbursement to Class Counsel of Out of Pocket Litigation Costs.

In addition to the injunctive relief described in Section V.A. above, and to the $18,364,500 plus interest described in Section V.B. above, Walgreens has agreed to pay private plaintiffs' counsel $5,550,000 – approximately $950,000 to reimburse them for out-of-pocket expenses they have advanced for the benefit of the Class, and $4,600,000 in attorneys fees for legal services through the Final Approval process.  This means that Class Members will not have to pay anything to the lawyers who represented the Class.  The Consent Decree also provides for the payment of $40,000 to Plaintiff-Intervenor's counsel.  In addition, Walgreens has agreed to pay a minimum of $375,000 to private Monitoring Counsel for attorneys' fees and costs they will incur in monitoring and enforcing the Consent Decree over its five (5) year term.  The Court has

preliminarily approved an award of reasonable attorneys' fees and costs in the amounts stated above and Plaintiffs will bring a motion for final approval of the award and ask the Court to hear the motion at the Final Fairness Hearing discussed in Section VIII below.

**VI.    Binding Effect of the Settlement/Release of Claims.**

If the Court grants final approval of the proposed settlement, all Class Members who do not opt out, see Section VII below, will release Walgreens for all claims covered by the Consent Decree or that might have been asserted on the behalf of the Class up to the Preliminary Approval Date. "Releasing" your claims means that you cannot sue Walgreens for any claim of alleged employment discrimination because of race that are covered by the Consent Decree or that might have been asserted on the Class' behalf. This release will not bar Class Members from bringing discrimination claims or filing EEOC Charges if they believe they have been discriminated against based on events that occur after the Preliminary Approval Date. The exact terms of the release can be viewed on a website at [Administrator's address and specific location of Release language].

**VII.    Right to Opt Out**

A.    You may not opt-out of the injunctive (non-monetary) relief Walgreens has agreed to implement as part of the proposed settlement. If the Court grants final approval of the Consent Decree, you will remain a member of the Class and be bound by the injunctive relief provisions. However, with respect to the claims for monetary relief, you have the option to opt out, or exclude yourself, from the proposed settlement. If you opt-out of the Class, you will not be bound by the release described above, and you will preserve the right to file your own lawsuit against Walgreens, but you will not be able to receive a monetary award as a part of the proposed settlement. If you start your own lawsuit against Walgreens after you exclude yourself, you will have to represent yourself or hire and pay your own lawyer for that lawsuit, and you will have to prove your claims. If you do exclude yourself so you can start or continue a lawsuit against Walgreens you should talk to your own lawyer soon, because your claims may be subject to a time deadline (statute of limitations).

B.     If you wish to exclude yourself, or "opt-out," of the monetary relief provisions of the proposed settlement you must do so in writing. Your written "Opt-out" statement must be signed by you, sent to the Settlement Administrator (at the address listed in Section XII below), postmarked no later than thirty (30) days prior to _____, 2007 (the date of the Final Fairness Hearing) and must include the following language:

> "I understand that I am requesting to be excluded from the class monetary settlement and that I will receive no money from the settlement fund created under the Consent Decree entered into by Walgreens. I understand that if I am excluded from the class monetary settlement, I may bring a separate legal action seeking damages, but may receive nothing or less than what I would have received under the class monetary settlement in this case. I also understand that I may not seek exclusion from the Class for injunctive (non-monetary) relief and that I am bound by the injunctive provisions of the Consent Decree entered into by Walgreens."

## VIII.  The Settlement Process and Final Fairness Hearing

Every class action settlement must be approved by the court that presided over the class action lawsuit. Thus far, Judge G. Patrick Murphy has only decided that the proposed settlement may be fair, and, therefore, justifies the mailing of this Notice. In order to decide whether to give final approval to the proposed settlement, Judge Murphy will consider related papers and comments submitted by the parties or others, and hold a hearing in open court. A Final Fairness Hearing will be held on _____, 2007 at ____ __.m., in the Courtroom of Judge G. Patrick Murphy, U.S. District Court, Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois. You may, but are not required to, attend this public hearing.

## IX.  Right to Object.

If you do not object to the proposed settlement and want to receive the monetary payment described above and in the enclosed Estimated Settlement Amount Form, you do not have to do anything. If you believe that the proposed Consent Decree should not be finally approved by the Court for any reason, you may object to it. Your objection must be in writing, sent to the Settlement Administrator (at the address listed in Section XII below) and postmarked no later than (30) days prior to _____, 2007 (the date of the Final Fairness Hearing). Any

objections to the settlement must begin with the following statement:  "I object to the proposed settlement in *John Tucker et al. and Equal Employment Opportunity Commission and Pearle Phillips v. Walgreen Co.*, consolidated cases Civil No. 05-CV-440  and 07-CV-172, United States District Court for the Southern District of Illinois."  Any objection must state the objector's name and address and all grounds for the objection.  You also may appear at the hearing to be held on _____ ___, 2007, at _____ ___.m. in Judge Murphy's Courtroom to have your objection heard by the Court, but objections not previously submitted in writing will not be considered.  Any person who has submitted a timely, written objection to the Consent Decree may speak at the Final Fairness Hearing.  If you seek to present any evidence or appear through a lawyer at the Final Fairness Hearing, you must state your intention to do so in writing, sent to the Settlement Administrator (at the address listed in Section XII below) on or before _____ 2007, (30 days before the Final Fairness Hearing).  Any attorney who seeks to represent you at the Final Fairness Hearing must file a Notice of Appearance with the Court and serve counsel for all parties on or before _____ 2007, (30 days before the Final Fairness Hearing).

## X.     If the Consent Decree is Not Approved.

If the Consent Decree is not approved by the Court, the conditional settlement will be voided, no money will be paid, and the case will continue to be litigated.  However, if that happens, there is no assurance that:  (a) the Court will allow the case to proceed as a class action; (b) that any decision at trial would be in favor of class members; (c) a trial decision, if any, would be as favorable to the Class Members as this settlement; or (d) any such favorable class certification ruling and/or trial decision would be upheld if any appeal was filed.

## XI.    Examination of Papers

Please do not send any comments directly to the Court or attempt to reach Judge Murphy in person.  You may inspect the complete Consent Decree, the Complaints, and all other papers filed in this consolidated lawsuit during regular office hours, Monday through Friday, at the Office of the Clerk of the United States District Court for the Southern District of Illinois,

750 Missouri Avenue, East St. Louis, Illinois.  You may also obtain a copy of the Consent

Decree  by contacting the Settlement Administrator, Settlement Services, Inc., at the address,

telephone number or email address below

**XII.    Further Information About the Settlement/Settlement Administrator's Address.**

If you have any questions concerning this settlement, or your options described in this

Notice, you may contact free of charge the Settlement Administrator at:

Tucker v. Walgreens Settlement Administrator
Post Office Box 10523
Tallahassee FL 32302-2523
(866) 854-7674
info@walgreensracecase.com
www.walgreensracecase.com.

**XIII.    Class Counsel.**

The Court has approved and appointed a number of firms to represent all members of the

Class.  Class Counsel are:

Tiffany B. Klosener
Amy L. Coopman
W. James Foland
Foland Wickens Eisfelder Roper & Hofer, P.C.
911 Main Street, 30th Floor
Kansas City, Missouri  64105
(816) 472-7474 (*telephone*)
(816) 472-6262 (*facsimile*)

Kent Spriggs
Spriggs Law Firm
324 West College Avenue
Tallahassee, Florida  32301
(850) 224-8700 (*telephone*)
(850) 224-8836 (*facsimile*)

and

Teresa Demchak
Morris J. Baller
Joseph E. Jaramillo
Goldstein, Demchak, Baller,
Borgen & Dardarian
300 Lakeside Drive, Suite 1000
Oakland, CA  94612-3534
(510) 763-9800 (*telephone*)
(510) 835-1416 (*facsimile*)

## XIV.   **Counsel for the EEOC**

The EEOC is represented in this case by the following attorneys:

Jean P. Kamp
Equal Employment Opportunity Commission
Chicago, IL
500 West Madison Street
Suite 2800
Chicago, IL  60661
(312) 353-7719
(312) 353-8555 (Fax)

Barbara A. Seely
Equal Employment Opportunity Commission
St. Louis, MO
1222 Spruce Street
Room 8.100
St. Louis, MO  63103
(314) 539-7800

Andrea G. Baran
Equal Employment Opportunity Commission
Kansas City
400 State Avenue
Suite 905
Kansas City, KS  66101
(913) 551-5848

## XV.   **Walgreens' Counsel.**

Any notices required to be served on Walgreens should be sent to its counsel:

Shanthi Gaur
Keith Hult
Littler Mendelson PC
200 North LaSalle Street, Suite #2900
Chicago, IL  60601
Phone: (312) 372-5520
Fax: (312) 372-7880

Allan King
Littler Mendelson PC
2001 Ross Ave., Ste. 2600
Lockbox 116
Dallas, TX  75201
Phone: (214) 880-8100
Fax: (214) 880-0181

Curtis R. Picou
Thomas R. Peters
Gundlach, Lee, Eggman, Boyle and Roessler
5000 West Main Street
P.O. Box 23560
Belleville, Illinois  62223
Phone: (618) 277-9000
Fax: (618) 277-4594

**XVI.**     **Address and Other Contact Information Changes.**

It is your responsibility to update the Settlement Administrator with your current address and other contact information until you have received your monetary award, assuming you are eligible for a monetary award.  If you do not keep the Settlement Administrator informed of your correct and current address and other contact information, you will forfeit any potential entitlement that you may have to receive an individual monetary award.  Please mail (or email) any change of address or other contact information along with your social security number, date of birth, former address/contact information and new address/contact information to the Settlement Administrator at the address provided in Section XII above.

**DO NOT CALL OR PERSONALLY CONTACT THE COURT ABOUT THE MATTERS SET FORTH IN THIS NOTICE.**

**CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION**

DATED: _____