## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN TUCKER, ANGELA MILLER, JOVAN HANEY, LEON BRADLEY, ARIEN JACKSON, WILLIAM STRICKLAND, OSCAR GREEN, MIKE JACKSON, KEVIN RIDDLE, AVERY ANDERSON, TRACI DANSBERRY, CARLOS ZIMMERMAN, and CHRIS DARGIN, On Behalf of Themselves and Others Similarly Situated, and KIMBERLY WAFFORD, Individually, <br><br>Plaintiffs, <br><br>and <br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION and PEARLE PHILLIPS, <br><br>Plaintiffs, <br><br>vs. <br><br>WALGREEN COMPANY, <br><br>Defendant. | CIVIL NO. 05-440-GPM <br><br>consolidated with Civil No. 07-172-GPM |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on motions brought by Plaintiffs, as described in more detail below, for preliminary approval of a proposed consent decree, for conditional certification of a settlement class, for appointment of class counsel, for designation of class representatives, for approval of class notice, and for scheduling of a final fairness hearing (Docs. 122, 123) and on a motion to withdraw as counsel for Plaintiff Arien Jackson, which the Court construes as a motion

to withdraw Mr. Jackson as a Named Plaintiff in this action (Doc. 124).

## I.  PROCEDURAL BACKGROUND

On June 20, 2005, fourteen African American current and former employees of Defendant Walgreen Company (Walgreens) filed a complaint on behalf of themselves and as representatives of a class of African American current and former Walgreens employees alleging that Walgreens engaged in a nationwide policy, pattern, or practice of racial discrimination in promotions, compensation, store assignments, and other terms, conditions, and privileges of employment. Plaintiffs originally brought these claims under 42 U.S.C. Section 1981, as amended (Section 1981) (Doc. 1)[1] and later amended their complaint to include claims under the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, as amended (Title VII).  The Second Amended Complaint (SAC) filed on September 22, 2006, and Walgreens' Answer thereto filed on October 6, 2006 (Doc. 88) are the operative pleadings.

On March 7, 2007, the U.S. Equal Employment Opportunity Commission (the EEOC) filed a complaint alleging that Walgreens discriminated against 22 named African American Charging Parties because of their race and engaged in a pattern and practice of racial discrimination against African American retail and pharmacy management employees in violation of Title VII (*see* Civil Case No. 07-172-GPM, Doc. 2).  The Court consolidated the two actions on April 23, 2007 (*Id*. at Doc. 22).

Private Plaintiffs' principal claims are that Walgreens discriminated against African

---

[1] The Named Plaintiffs were John Tucker, Angela Miller, Jovan Haney, Leon Bradley, Arien Jackson, William Strickland, Oscar Green, Mike Jackson, Kevin Riddle, Avery Anderson, Malica Page, Traci Dansberry, Carlos Zimmerman, and Chris Dargin.  Subsequently, Malica Page was dropped, and Kimberly Wafford added, as a Named Plaintiff.  These Plaintiffs are referred to herein as "Private Plaintiffs."  Private Plaintiffs' counsel have filed a motion to withdraw as counsel for Plaintiff Arien Jackson.  That motion is resolved below.

American retail store and pharmacy management employees by: (1) assigning African American employees in retail store and pharmacy management career path positions to stores in African American and/or low income neighborhoods on the basis of their race; (2) denying qualified African American employees promotions within the retail store and pharmacy management career path; and (3) denying African American employees compensation in those positions equal to white employees. Walgreens has denied all of Plaintiffs' allegations of discrimination throughout the litigation.

The EEOC alleges that Walgreens engaged in a pattern and practice of discrimination against African Americans in the retail and pharmacy management career tracks by failing to promote them and by assigning them to particular stores based on their race.

Private Plaintiffs and Walgreens engaged in discovery during late 2005 and early 2006. In late June 2006, those parties jointly sought, and the Court granted, a stay of litigation proceedings to permit mediation (Docs. 77, 80). The parties resumed litigation in late August 2006 (Doc. 81). While continuing to litigate the case, Private Plaintiffs and Walgreens entered into mediated settlement discussions, with Hunter R. Hughes III as mediator. The EEOC joined those settlement discussions after its action against Walgreens was consolidated with Private Plaintiffs' action. As a result of those negotiations, the parties reached the agreement contained in the proposed Consent Decree that has been presented to the Court, together with Private Plaintiffs' unopposed Motion for Preliminary Approval of Consent Decree, Certification of Settlement Class, Designation of Class Representatives, Appointment of Class Counsel, Approval of Class Notice, and Scheduling of Fairness Hearing (the Preliminary Approval Motion) (Doc. 122) and with the EEOC's unopposed Motion for Entry of Consent Decree (Doc. 123).

Having carefully reviewed the proposed Consent Decree, the Preliminary Approval Motion,

the declaration in support of the Motion, the statements of counsel for the parties, and the entire record in this matter, and recognizing this Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement and to conduct a hearing on the fairness, adequacy, and reasonableness of a proposed class action settlement before making any final determination on the settlement, the Court is prepared to rule on the pending motions.

## II. CONDITIONAL CLASS CERTIFICATION AND APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

The Court conditionally finds that, within the meaning of Federal Rule of Civil Procedure 23(a), the Settlement Class is so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims of the class representatives are typical of the claims of the Settlement Class; and the class representatives will fairly and adequately protect the interests of the Settlement Class. Further, the Court conditionally finds that certification of this case as a class action is appropriate under Federal Rule of Civil Procedure 23(b)(2) and (b)(3). Specifically, certification of the injunctive aspects of the case is appropriate under Rule 23(b)(2), and certification of the damages aspects of the case is appropriate under Rule 23(b)(3). *See Allen v. International Truck and Engine Corp.*, 358 F. 3d 469, 470-71 (7th Cir. 2004); *Jefferson v. Ingersoll Int'l, Inc.*, 195 F.3d 894, 898-99 (7th Cir. 1999). These conditional findings are without prejudice to the parties taking contrary positions if the settlement is not finally approved. In that instance, the parties' positions and the posture of the case will be as they existed prior to the submission of the proposed Consent Decree, as more specifically set forth in the Consent Decree.

Accordingly, the Court hereby conditionally **CERTIFIES**, pursuant to Rule 23(b)(2) and (b)(3), the following Settlement Class:

>All African Americans who are or were employed by Walgreens in a Management Trainee, Executive Assistant Manager, Store Manager, Pharmacist, or Pharmacy Manager position (referred to as "Covered Positions") for any length of time between June 20, 2001, and the Preliminary Approval Date (start and end dates inclusive).[2]

This certification is conditional pursuant to Rule 23(c)(1) and, as such, may be altered or amended before a decision on the merits. Moreover, consistent with Rule 23(c)(2)(B), Settlement Class members will have an opportunity to opt out of the monetary relief provisions provided by the Consent Decree.

The Court hereby **APPOINTS** as Class Representatives: John Tucker, Angela Miller, Jovan Haney, Leon Bradley, William Strickland, Oscar Green, Mike Jackson, Kevin Riddle, Avery Anderson, Traci Dansberry, Carlos Zimmerman, and Chris Dargin.[3]

The Court hereby **APPOINTS** as Class Counsel: Foland, Wickens, Eisfelder, Roper & Hofer, PC; the Spriggs Law Firm; and Goldstein, Demchak, Baller, Borgen & Dardarian. The Court finds, pursuant to Rule 23(g), that Class Counsel have thoroughly investigated potential class claims, have extensive experience in handling class actions and employment discrimination claims of the type asserted in this action, and have committed substantial resources to representing the class.

### III. MOTION TO WITHDRAW ARIEN JACKSON

Private Plaintiffs' counsel have filed a motion to withdraw as counsel for Plaintiff Arien

---

[2] The proposed Consent Decree specifically provides that the Settlement Class will close on the date of preliminary approval, but: "All African Americans who are hired by Walgreens in Covered Positions after the Preliminary Approval Date, may avail themselves of the non-monetary equitable relief provided in the Decree but they shall not be entitled to any portion of the monetary relief provided in the Decree." (Doc. 122, Ex. 1, p. 7.) Private Plaintiffs have not acknowledged this provision in their moving papers. Of course, if the Court finally approves the settlement and endorses the Consent Decree, the parties will be bound by it.

[3] The proposed settlement resolves Kimberly Wafford's individual claims only; therefore, she does not seek appointment as a class representative.

Jackson and seek an order that they "are no longer considered counsel of record for Mr. Jackson." Arien Jackson was put forward as a representative Plaintiff in the Second Amended Complaint (*see* Doc. 86, ¶¶ 35, 40). However, according to their motion, counsel have been unable to contact Arien Jackson during the course of the settlement negotiations. Specifically, correspondence has been returned with no forwarding address, and Mr. Jackson's telephone and cellular telephone numbers have been disconnected. Despite leaving messages with Mr. Jackson's family and friends to return counsel's calls to discuss the case, Mr. Jackson has failed to do so.

The proposed Consent Decree provides for incentive, or what the parties call "enhancement," payments to the Class Representatives, Plaintiff Kimberly Wafford, Intervenor-Plaintiff Pearle Phillips, the "Charging Parties," and "Class Members Individually Represented by Class Counsel" (Doc. 122, Ex. 1, Exs. D, E). There is no provision in the proposed Consent Decree for an incentive payment to Arien Jackson. Presumably, this is the reason that the motion has been filed as a motion to withdraw as counsel for Arien Jackson – so that he is not considered a class member individually represented by Class Counsel.

Private Plaintiffs' counsel sought, and now have been granted, appointment as Class Counsel; therefore, they are not entitled to the relief they request. The Court cannot allow counsel to withdraw as Arien Jackson's counsel but at the same time appoint them as Class Counsel. Arien Jackson remains a class member, and Class Counsel are obligated to represent him as such. Based on the allegations in counsel's motion, Arien Jackson is not an adequate class representative, and he is **WITHDRAWN** as a Named Plaintiff in this action.

### IV. PRELIMINARY APPROVAL OF PROPOSED CONSENT DECREE

A district court may approve a settlement only if it is "fair, reasonable, and adequate," and

district courts must "exercise the highest degree of vigilance in scrutinizing proposed settlements of class actions." *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006). The Court has carefully reviewed the proposed Consent Decree, together with the moving papers and supporting materials, and preliminarily finds it to be within the range of reasonableness of a settlement that ultimately could be given final approval by the Court. The Court preliminarily finds that the injunctive and monetary relief provided under the settlement is fair to all potential class members and further preliminarily finds that the amount provided under the settlement for Class Counsel's fees and costs is fair and reasonable. At this time, it appears that the parties have conducted extensive investigation and discovery and sufficient litigation of the issues to allow counsel for the parties to make informed and reasonable assessments of their respective positions. It further appears that the settlement will avoid additional substantial litigation costs, as well as the delay, risk, and uncertainty further prosecution of the litigation would present. The proposed settlement appears to be the result of extensive, non-collusive, arm's-length negotiations between experienced and well-qualified counsel, assisted by an experienced and well-qualified mediator. Therefore, the Court **PRELIMINARILY APPROVES** the proposed Consent Decree as fair, reasonable, and adequate.

### V.  APPROVAL OF CLASS NOTICE AND PROCEDURES

The Court has reviewed the proposed Class Notice, which is attached as Exhibit 2 to the Motion for Preliminary Approval, and finds that the proposed Class Notice fairly and adequately advises the class of the terms of the proposed settlement and the process available to class members to obtain monetary relief provided by the settlement, the rights of class members to object to the settlement and/or to opt-out of the monetary relief provided by the settlement, and the rights of class

members to appear before the Court at the Final Fairness Hearing. Settlement Class members may opt-out of the monetary relief provided by the settlement by mailing a notice of intent to opt-out. Such notice must be mailed to Tucker v. Walgreens Settlement Administrator, c/o Settlement Services, Inc., Post Office Box 10523, Tallahassee, Florida 32302-2523 and postmarked no later than thirty (30) days prior to the scheduled Final Fairness Hearing. Settlement Class Members may withdraw or rescind their notices of intent to opt-out by submitting a "rescission of opt-out" statement to the Settlement Administrator. To be effective, such notice must be received by the Settlement Administrator no later than ten (10) days prior to the scheduled Final Fairness Hearing. The Court further finds that the proposed distribution of the Class Notice by first-class mail to each identified class member at his/her last known address, including a database search for additional addresses and re-mailing of any initially undeliverable notices, is reasonable, fair, and adequate, and comports with due process.

Accordingly, the Court **APPROVES** the Notice presented by the parties, including the methods and time periods for giving notice and permitting class members to opt-out of the settlement and/or object to the settlement, with the following modifications to be made:

1. Edit the style of the case to reflect the style used for this Memorandum and Order, except that Arien Jackson shall be removed as a Named Plaintiff;

2. Complete the dates left blank for preliminary approval and final fairness hearing;

3. "Covered Position" shall be made plural under Section V.A.1 on Page 4;

4. Change "Settlement Award Form" to "Estimated Settlement Amount Form" in Section V.B.2.

5. Complete the final sentence of Section VI to include the Settlement Administrator's address and the specific location where the Release language can be found on the website;

6. Add the following at the end of Section VII.B: Settlement Class Members may withdraw or rescind their notices of intent to opt-out by submitting a "Rescission of opt-out" statement to the Settlement Administrator. Your written "Rescission of opt-out" statement must be signed by you, received by the Settlement Administrator (at the address listed in Section XII below) no later than ten (10) days prior to March 24, 2008 (the date of the Final Fairness Hearing), and must include the following language:

> "I previously submitted an Opt-out statement seeking exclusion from the class monetary settlement. I have reconsidered and wish to withdraw my Opt-out statement. I understand that by rescinding my Opt-out statement I may be eligible to receive an award from the claims settlement fund and may not bring a separate legal action against Walgreens seeking damages."

7. In Section IX, complete the dates by which (i) class members must send to the Settlement Administrator their notice of intention to present evidence or appear through a lawyer at the Final Fairness Hearing and (ii) any attorney seeking to represent a class member must file a Notice of Appearance;

8. Delete "East St. Louis Division" from Page 14 of the Notice.

With respect to the Estimated Settlement Amount Form, the following modifications shall be made:

1. Complete the blank left for the date to close the Class Period;

2. Change on Page 1 "Notice of Settlement of Class Action [*check document title*]" to "Notice of Class Action and Proposed Settlement";

3. Complete the blank before "sections" on Page 2;

4. Complete on Page 3 the date that corrections or challenges must be returned to the Settlement Administrator.

## VI. FINAL FAIRNESS HEARING

A Final Fairness Hearing is **SCHEDULED** for **March 24, 2008, at 1:30 p.m.** in the United States District Courthouse, East St. Louis, Illinois, to determine whether the proposed Consent Decree shall be given final approval by the Court. Settlement Class members who object to the

proposed settlement may appear, in person or through counsel, at the Final Fairness Hearing and present such objections, provided that the objecting class member submits a written statement containing his/her name and address and the basis of his/her objections, together with a notice of intention to appear, if appropriate. Such statement must be mailed to the Settlement Administrator, c/o Settlement Services, Inc., Post Office Box 10523, Tallahassee, Florida 32302-2523 and postmarked no later than thirty (30) days prior to the scheduled Final Fairness Hearing. No member of the Settlement Class or his/her counsel will be heard, nor will any objection be received or considered, except for good cause shown, if the Settlement Class member or his/her counsel fails to timely submit the objection in writing in the manner prescribed above.

Class Counsel shall file Plaintiffs' memorandum in support of the settlement, responses to any objections, and papers supporting the proposed award of attorneys' fees and costs, including evidentiary support therefore, no later than one week before the Final Fairness Hearing.

Counsel for Walgreens also may file a memorandum in support of the settlement no later than the date set for Plaintiffs' submission.

In their papers supporting final approval of the settlement, the parties are **DIRECTED** to specifically address the factors set out by the Seventh Circuit Court of Appeals in the *Synfuel* case. 463 F.3d at 653. Furthermore, the parties shall present evidence to enable this Court to analyze such factors in the manner prescribed in *Synfuel*. *Id*.

The EEOC's Motion for Entry of Consent Decree is **UNDER ADVISEMENT** pending the Court's decision on final approval after the Final Fairness Hearing.

## VII.  CONCLUSION

For the foregoing reasons, the Preliminary Approval Motion (Doc. 122) is **GRANTED**. The

motion to withdraw as counsel for Arien Jackson (Doc. 124), construed by the Court as a motion to withdraw Arien Jackson as a Named Plaintiff, is **GRANTED in part and DENIED in part**, and Arien Jackson is **WITHDRAWN** as a Named Plaintiff.  The EEOC's Motion for Entry of Consent Decree (Doc. 123) is **UNDER ADVISEMENT**.

**IT IS SO ORDERED.**

DATED:  10/05/07

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge